IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **JOANN DAVIS-FRANKLIN** | § | |
| | § | |
| V. | § | NO.  1:03-CV-1445 |
| | § | |
| **JO ANNE BARNHART,** | § | |
| **Commissioner of Social Security** | § | |
| **Administration** | § | |

## MEMORANDUM OPINION

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be affirmed.

Plaintiff filed timely objections to the magistrate judge's Report and Recommendation. The court, therefore, must conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.  See FED. R. CIV. P. 72(b).

The magistrate judge recommended dismissal of this action based substantially on his determination that the administrative law judge (ALJ) did not err when he determined that Plaintiff could perform semi-skilled, alternative work.  Plaintiff objects, citing the Commissioner's brief which includes a stipulation that the ALJ's determination was erroneous in this regard.  The court now determines that Plaintiff's first objection is meritorious and is **SUSTAINED**.

Plaintiff's second objection urges the court to decline to "enter a new finding of fact on the issue of whether jobs that [plaintiff] can perform exist in 'significant numbers'" or, alternatively, to find that "the vocational expert's testimony does not support a finding that unskilled jobs that [plaintiff] can perform exist in 'significant numbers' in her region." Pl.'s Objs. at p. 10. Plaintiff argues that the ALJ's limitation against the operation of dangerous machinery (Tr. 359) precludes a finding that she can drive to work. Pl.'s Br. at p. 15. Plaintiff also argues that "the isolated nature" of the identified jobs "is plainly evident." *Id.*

After careful consideration, the court now concludes that the vocational expert's testimony, which identifies 27,000 unskilled jobs existing nationally as photocopier operator and restroom attendant (Tr. 21-22), comprises substantial evidence to support the Commissioner's determination that Plaintiff is not disabled because she can perform alternative employment. *See* 42 U.S.C. § 423(d)(2)(A) ("'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country"); *Knott v. Califano*, 559 F.2d 279, 282 (5th Cir. 1977) ("In construing [42 U.S.C. § 423(d)(2)(A)], we have held that the relevant job area is not confined to the claimant's locality"); 20 C.F.R. § 404.1566(a) ("[W]ork exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country. It does not matter whether (1) work exists in the immediate area in which you live; (2) a specific job vacancy exists for you; or (3) you would be hired if you applied for work"). Plaintiff's ability to drive despite impairments is evidenced by her own testimony that she maintains a driver's license and drives to the grocery store and post office on a regular basis. Tr. 378. Finally, the isolated nature of the identified jobs is not plainly evident to the court, and Plaintiff provides no evidence to prove

that those jobs "exist only in very limited numbers in relatively few locations outside of the region where [plaintiff] live[s]." 20 C.F.R. § 404.1566(b) (2005). Hence, Plaintiff's second objection is **OVERRULED**.

The court, therefore, will enter final judgment, affirming the Commissioner's decision and dismissing this action.

SIGNED at Beaumont, Texas, this 16th day of September, 2005.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE